# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

_____

No. 96-11435

_____

ROLAND BLOYCE CARROLL,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court
For the Northern District of Texas
(96-CV-798)

_____

February 18, 1998

Before POLITZ, Chief Judge, HIGGINBOTHAM and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Roland Bloyce Carroll, proceeding *pro se*, appeals the denial of his 28 U.S.C.

§ 2254 petition for habeas corpus. Carroll seeks a remand in order that another

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

federal district judge might consider his habeas petition after he has an opportunity to file objections to the magistrate judge's recommendation. Carroll asserts, and the record reflects, that the district judge *a` quo* was the state trial judge who, after a bench trial, found Carroll guilty of the offense of aggravated sexual assault, the offense underlying the instant habeas action.

A magistrate judge reviewed Carroll's petition and recommended that relief be denied. Carroll had until October 29, 1996 to file objections to the magistrate judge's recommendation. On October 21, 1996, however, the district court adopted the magistrate judge's Findings and Recommendation and entered judgment denying Carroll's petition. Carroll timely appealed and we granted a certificate of appealability.[1]

The question presented is not whether the district judge herein is impartial in fact, but whether another might reasonably question his impartiality.[2] We entertain no doubt whatever that the trial judge inadvertently failed to recognize this case or to recall his earlier participation as the state trial judge. The federal habeas petition requires a review of the state court proceedings to determine if

---

[1] In light of **Lindh v. Murphy**, 117 S.Ct. 2059 (1997), we construe the certificate of appealability as a certificate of probable cause.

[2] 28 U.S.C. § 455.

Carroll's conviction was obtained in violation of some constitutional right. Even though resolution of the habeas case is based on a magistrate judge's recommendations, the federal judge must review the entire record and make the ultimate determination whether to grant or deny relief. In this situation, it cannot seriously be contended that there is no basis for a reasonable person to question the district judge's impartiality and ability to provide the requisite independent federal review of the state court proceedings.

Accordingly, we must conclude that our trial judge is disqualified to act herein under 28 U.S.C. § 455(a). We therefore vacate and remand for submission to another federal district judge to consider the magistrate judge's Findings and Recommendation after Carroll is given a reasonable opportunity to file objections thereto.

VACATED and REMANDED.